**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| TIMMY A. DAWSON, 681033, ) | |
|     Petitioner, ) | |
| ) | |
| v. ) | No. 3:06-CV-1190-B |
| ) | ECF |
| NATHANIEL QUARTERMAN, Director ) | |
| TDCJ-CID, ) | |
|     Respondent. ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. §636(b), implemented by an Order of the Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS:**

**Type of Case:**  This is a petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254.

**Parties:** Petitioner is a state prisoner, currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ-CID"). Respondent is Nathaniel Quarterman, Director of the TDCJ-CID.

**Statement of the Case:** Petitioner was convicted of murder and was sentenced to 99 years imprisonment. *State of Texas v. Tiimmy A. Dawson*, No. F-94-40449-HU (291st Dist. Ct., Dallas County, Tex., May 25, 1994). His conviction and sentence were affirmed on direct appeal. *Dawson v. State*, No. 05-94-00891-CR (Tex. App. – Dallas, 1998).

Petitioner filed five state applications for writ of habeas corpus. *Ex parte Dawson*, Application Nos. 29,273-02, -03, -04, -05, –06. The Texas Court of Criminal Appeals dismissed the first writ because Petitioner's direct appeal was still pending. The Court denied Petitioner's second application without written order. Petitioner's third, fourth and fifth state applications were dismissed.

On August 18, 1999, Petitioner filed a federal petition for writ of habeas corpus. *Dawson v. Johnson*, No. 3:99-CV-1984-T (N.D. Tex. Aug. 18, 1999). On October 19, 2000, the Court denied the petition on the merits.

On October 8, 2002, Petitioner filed his second federal petition for writ of habeas corpus. *Dawson v. Cockrell*, No. 3:02-CV-2236-D. On December 20, 2002, the Court dismissed the petition as successive.

On May 19, 2006, Petitioner filed the instant petition. He argues: (1) the indictment was void; (2) he is actually innocent; and (3) he was denied the right to confront witnesses.

**Discussion:** The Antiterrorism and Effective Death Penalty Act of 1996 limits the circumstances under which a federal prisoner may file a second or successive motion for post-conviction relief. ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT, Publ. L. 104-132, 110 Stat. 1214 (1996). A defendant must show that the successive motion is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found him guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court. *See* 28 U.S.C. § 2244(b)(2). Before Petitioner

files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See* 28 U.S.C. § 2244(b)(3)(A) and (B).

The Fifth Circuit has not issued an order authorizing this Court to consider the successive motion. Petitioner must obtain such an order before another petition for habeas relief under § 2254 is filed.

**RECOMMENDATION:**

For the foregoing reasons, the undersigned Magistrate Judge hereby recommends that the instant petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be TRANSFERRED to the United States Court of Appeals for the Fifth Circuit pursuant to *In re Epps*, 127 F.3d 364, 365 (5th Cir. 1997).

Signed this 21st day of August, 2006.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

The United States District Clerk shall serve a true copy of these findings, conclusions and recommendation on Petitioner.  Pursuant to Title 28, United States Code, Section 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must serve and file written objections within ten days after being served with a copy.  A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made.  The District Court need not consider frivolous, conclusory or general objections.  A party's failure to file such written objections to these proposed findings, conclusions and recommendation shall bar that party from a *de novo* determination by the District Court.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Additionally, any failure to file written objections to the proposed findings, conclusions and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).